Barnard, P. J.
As between the plaintiff and the appellant it appears that the lot was purchased for the Rescue temperance union and Christian association. The title was taken in the name of Johnston, the appellant, but it was expressly understood between Bowman and Johnston that the purchase was made for the association. The association was incorporated, and the reason why the title was not taken directly to the corporation does not appear, but probably it was so done to avoid the inconvenience of a mortgage to be given by a corporation. The receipt for the money loaned, executed at the same time as the mortgage and the only consideration for the bond and mortgage, specifies that the purchase was for the company, and this receipt was given by the mortgagor to the mortgagee and accepted by him. The real transaction is to be collected from all the papers, and as between the parties the mortgage was designed to cover the land as corporate property. The decree of the special term should therefor be modified so far as to exonerate the mortgager from the payment of any deficiency arising upon the sale. The appellant is entitled to costs, but not to the exclusion of the mortgage debt and costs of foreclosure, nor is he entitled to costs against the plaintiff personally. The decree should be further modified so that the appellant be entitled to costs out of the moneys upon the foreclosure sale after the plaintiffs debt is paid with the costs and the expense of the sale. As between the plaintiff and the corporate society the whole mortgage is right. It cost $228.69 to obtain a loan of $2,500 from the Equitable Life Ins. Co. by the plaintiff upon his own property. This could be allowed as between the parties upon the property which they bought for the corporation. The corporation can take the property subject to it or not, as it deems best. The question of the delivery of the deed to the plaintiff subject to the mortgage is not important under the conclusion at which we arrive.
The title was held in either event for the corporation.
Judgment modified according to the views expressed herein without costs to respondent upon this appeal.
*24 Pratt, J.
The transactions disclosed upon the trial show such a lack of ordinary business judgment, as well as legal knowledge, that it is not easy to determine exactly what the parties intended at any stage of the affair.
Yet we may be reasonably sure that the plaintiff did not make his loan upon the individual liability of defendant, Johnson.
If plaintiff thought so far into the future as that he might ever need to collect his money, he probably supposed a sale of the lot would make him whole.
There is no evidence that he asked or expected Johnston to make himself individually liable for the money expended to buy the lot, and apparently the bond and mortgage were thus made for the reason that neither party knew any other way, or that it made any difference what the papers contained.
We think that if the bond and mortgage are so far sustained as to secure the value of the lot to the mortgagee, it is all the plaintiff, at any time, had a right to exact.
Moreover, we think it was agreed between the parties that upon conveyance of the legal title to Bowman, defendant Johnston should be discharged from any further demand in the premises.
To that end the deed was made and apparently accepted, until such time as Bowman began to be doubtful of getting back the money he had loaned. Then he sought to avoid the effect of his acceptance, but too late.
Some question is made as to whether the deed to Johnson may not be defective as seeking to create a trust not authorized by law. As a sale may be advisable to remove this question, the better disposition of this appeal will be to reverse so much of the judgment as holds Johnston liable for a deficiency, leaving the judgment in other respects in force.
No costs of appeal.